# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-4262-GW-FFMx | Date | August 5, 2019 |
| Title | *Benham Soleimani v. Liberty Hardware MFG. Corp., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Katie E. Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| William M. Pao | Emma E. Jacobson |

**PROCEEDINGS:**     **PLAINTIFF'S MOTION TO REMAND [13]**

**SCHEDULING CONFERENCE**

The Court's Tentative Ruling is circulated and attached hereto. Court and counsel confer. Court orders counsel to try to resolve.

Case is recalled. Matter is resolved as stated on the record. Plaintiff's Motion is deemed moot.

The Court sets the following:

| | |
|---|---|
| Mediation Cutoff | November 15, 2019 |
| Post-Mediation Status Conference | November 18, 2019 at 8:30 a.m. |
| Discovery Cutoff | December 3, 2019 |
| Expert Discovery Cutoff | January 3, 2020 |
| Motion Hearing Cutoff | February 3, 2020 |
| Pretrial Conference | March 5, 2020 at 8:30 a.m. |
| Jury Trial | March 17, 2020 at 9:00 a.m. |

No further amendments allowed; compliance with FRCP 16 is required.

The parties are referred to ADR Procedure No. 1: Magistrate Judge.

cc: ADR Program

|  | : | 09 |
|---|---|---|
| | Initials of Preparer | JG |

## I. Background

Benham Soleimani ("Plaintiff") sues Liberty Hardware Mfg. Corp. ("Liberty"), Masco Corporation ("Masco"), and Home Depot, U.S.A., Inc. ("Home Depot") (collectively referred to as "Defendants") for personal injuries resulting from the purchase of the Franklin Brass Futura Recessed Toilet Paper Holder. *See* Plaintiff's Notice of Motion and Motion to Remand ("MTR"), Docket No. 13, at 2. Plaintiff claims he has suffered: (1) lost wages; (2) hospital and medical expenses; (3) general damage; (4) loss of earning capacity; and (5) emotional distress, pain and suffering, as a result of the injury caused by Defendants' product. *See* Complaint, Docket No. 1-1.

Plaintiff filed his complaint in state court on March 26, 2019, and served Defendants Liberty and Masco on April 16, 2019. On May 16, 2019, Defendants Liberty and Masco removed the action to Federal Court, claiming diversity jurisdiction. *See* NOR. On June 27, 2019, Home Depot joined the NOR and filed a separate answer to the complaint in this court. *See* Docket Nos. 11, 12.

Before the Court is Plaintiff's Motion to Remand. *See* MTR. Defendants filed an opposition. *See* Opposition to Plaintiff's Motion to Remand ("Opp'n"), Docket No. 14. Plaintiff filed a reply. *See* Plaintiff's Notice of Motion and Motion to Remand ("Reply"), Docket No. 16.

## II. Legal Standard

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

### III. Analysis

Plaintiff argues that removal is improper because: (1) Defendants did not unanimously consent to removal; and (2) Defendants have failed to show that the amount in controversy exceeds $75,000. It is undisputed that complete diversity of citizenship has been established. Defendants allege on information and belief that Plaintiff is a resident of Los Angeles County, California, and Plaintiff does not dispute this fact. *See* NOR at 3. *See generally* Opp'n. Liberty is a citizen of Florida and North Carolina. *See* NOR at 2. Masco is a citizen of Delaware and Michigan. *See id.* Home Depot is a citizen of Delaware and Georgia. *See id.* Therefore complete diversity of citizenship appears to exist.

Plaintiff alleges that the NOR was procedurally defective because Defendants "do not meet the burden of joinder or consent for removal." *See* MTR at 5. The Court would disagree. 28 U.S.C.A. § 1446 requires that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal action." The filing of a notice of removal can be effective without individual consent documents from each defendant where an attorney of record certifies that all defendants have consented to removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (finding that defendant's removal notice containing an "averment of the other defendants' consent and signed by an attorney of record" is sufficient to constitute joinder of all defendants). Here, the NOR was filed on behalf of *both* Liberty and Masco. Although it is not clear that Defendant Home Depot was ever served with the complaint, Home Depot nonetheless joined Liberty and Masco's NOR on June 27, 2019, the same day Home Depot filed its answer to the complaint. Therefore, it is clear that all defendants have been joined in the NOR.

Plaintiff also argues that Defendants have not shown that the amount in controversy exceeds $75,000. "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions. *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554-55 (2015). However, "[e]vidence establishing the amount is required" where defendant's assertion of the amount in controversy is contested by plaintiff. *Dart*, 135 S.Ct. at 554-55. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1198 (quoting

*Dart*, 135 S.Ct. at 554.

Plaintiff's complaint does not contain any estimate of the amount in controversy. *See generally* Complaint. It is also difficult to ascertain from the allegations in the complaint any estimate of the amount in controversy in this case. Defendants rely on statements from email correspondence between Plaintiff's Counsel and Defense Counsel to support their assertion that the $75,000 threshold is met. *See* Opp'n at 2. The statements offered by Defendants are hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing" and offered "to prove the truth of the matter asserted in the statement."). It is possible that these statements could fall into an exclusion to the rule against hearsay, but Defendants do not make that argument in their moving papers. Assuming that the evidence is inadmissible, Defendants have failed to demonstrate that the case meets the amount in controversy requirement for diversity jurisdiction.

The Court would note that in cases where it cannot be clearly ascertained from the state court pleadings that the amount in controversy exceeds $75,000 the removal period does not begin to run on defendant's receipt of the state court complaint. *See* 28 U.S.C. § 1446(c)(3)(A). Therefore, although the Court would remand this case back to state court if it finds that the jurisdictional amount in controversy is not met, this would not prejudice Defendants from engaging in discovery as to the amount in controversy and (once obtained and assuming its show a potential figure in excess of $75,000) subsequently removing the case to federal court at the point at which information related to the amount in controversy is received.

## IV. Conclusion

The Court would remand this case back to the Superior Court of California, County of Los Angeles for further proceedings.